This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                  NO. 34,477

**JOSEPH BARRIOS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett R. Loveless, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Defendant appeals from the district court's judgment affirming his bench trial

convictions for aggravated DWI, failure to maintain lane, and failure to use turn signal following an on-record appeal from his metropolitan court conviction. [RP 71, 98, 107] Our notice proposed to affirm, and Defendant filed a memorandum in opposition (MIO). We remain unpersuaded by Defendant's arguments and therefore affirm.

{2}    In his MIO, Defendant continues to assert that reversal is merited. [MIO 1] Defendant does not contest our recitation of facts [MIO 1] or otherwise specifically challenge our application of the law. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 ("A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact."), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. For the reasons extensively detailed in our notice, we hold that the district court did not err in denying his requested continuance and that Defendant failed to establish a prima facie case of ineffective assistance of counsel.

{3}    Lastly, as we pointed out in our notice, Defendant's ineffective assistance of counsel argument would be more appropriately addressed in habeas proceedings. [CN 7] *See generally State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 (stating that, if facts necessary to a full determination are not part of the record, an ineffective assistance claim is more appropriately brought through a habeas corpus petition).

{4}     To conclude, we affirm Defendant's convictions.

{5}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Chief Judge**

_____
**M. MONICA ZAMORA, Judge**